UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FILED ENTERED
LODGED RECEIVED
AUG 13 2026 MH
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

WAYNE HOLLAUS,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

CASE NO. 2:25-cv-00267-JHC

PLAINTIFF'S MOTION TO LIFT STAY AND REQUEST FOR SHORT PERIOD TO SEEK LEAVE TO AMEND

NOTE ON MOTION CALENDAR: August 26, 2026

## I. RELIEF REQUESTED

Plaintiff Wayne Hollaus respectfully moves this Court for an order lifting the stay entered on February 11, 2026 (Dkt. 17).

In addition, once the stay is lifted, Plaintiff intends to seek leave to amend the complaint. Plaintiff therefore further requests that the Court set a deadline of 21 days after the stay is lifted for Plaintiff to file a formal Motion for Leave to Amend together with the proposed Amended Complaint attached.

## II. BACKGROUND

1. On February 11, 2026, this Court granted Plaintiff's motion and stayed this FTCA action "pending resolution of Hollaus v. Posalski et al., 2:25-cv-00268-JHC-GJL." Dkt. 17.
2. On August 6, 2026, the Court in the related Bivens action (Case No. 2:25-cv-00268-JHC-GJL) entered an Order adopting the Report and Recommendation and staying that case pending the United States Supreme Court's decision in Nielsen v. Watanabe, No. 25-417, 2026 WL 1780123 (U.S. June 22, 2026). See Dkt. 58 in Case No. 2:25-cv-00268.
3. The Supreme Court granted certiorari in Nielsen to decide whether a Bivens damages remedy remains available for certain deliberate-indifference medical claims. Based on usual Supreme Court timelines, a decision is not expected promptly. As a result, the related Bivens action is now stayed for a prolonged and indefinite period.

## III. ARGUMENT

The sole basis for the stay in this FTCA case was the then-pending parallel Bivens action. That premise has materially changed. The Bivens case itself is now stayed pending a Supreme Court decision that will not control the independent statutory claims brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq.

FTCA claims against the United States for medical negligence are legally and factually distinct from individual-capacity Bivens claims. They do not depend on the existence or scope of an implied constitutional damages remedy. Continued delay of this FTCA action while the Supreme Court resolves a Bivens-specific question serves no useful purpose and prejudices Plaintiff's ability to pursue his tort claims.

Good cause therefore exists to lift the stay.

Once the stay is lifted, Plaintiff intends to move for leave to amend the complaint under Fed. R. Civ. P. 15(a)(2). The original FTCA complaint was modeled along, and aligned, with Plaintiff's initial (unamended) Bivens complaint. Plaintiff wishes to amend so that the FTCA pleading incorporates the fuller factual detail already set forth in the First Amended Complaint filed in the related Bivens action, cleans up the organization and clarity of the allegations (which this Court explicitly had instructed in amending the Bivens claim) and properly frames the claims as negligence and medical malpractice under Washington law.

Plaintiff therefore requests a short, fixed period of 21 days after the stay is lifted in which to prepare and file a formal

Motion for Leave to Amend together with the proposed Amended Complaint attached as an exhibit. This will allow the Court and Defendant to evaluate the proposed amendments in the ordinary course.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Lift the stay entered on February 11, 2026 (Dkt. 17); and
2. Set a deadline of 21 days after the stay is lifted for Plaintiff to file a Motion for Leave to Amend together with the proposed Amended Complaint.

Dated this 12th day of August, 2026.

Sincerely and respectfully,

Wayne Hollaus, Pro Se
A-Number 203818494
Adelanto ICE Processing Center
10400 Rancho Road
Adelanto, CA 92301

(signed via authorized third-party clerical assistant Jeffrey Stephens, as authorized numerous times prior in the docket (Dkt. 37, 49, etc.))